Jacqueline C. SIMONELLI,
Plaintiff–Appellant,

v.

CITY OF CARMEL–BY–THE–SEA, Defendant–Appellee.

No. 13–16664.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed March 04, 2015.

Jacqueline C. Simonelli, Ross, CA, pro se.

Cassie M. Bronson, Jonathon R. Giffen, Kennedy, Archer & Giffen, Monterey, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, LEAVY and FERNANDEZ, Circuit Judges.

MEMORANDUM ***

Jacqueline Simonelli appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction her takings action arising out of the City of Carmel–by–the–Sea's approval of a development next to Simonelli's property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir.2009), and we affirm.

The district court properly dismissed Simonelli's action as unripe because Simonel-

li had not been denied compensation through any state court procedures. *See Williamson Cnty. of Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 175, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); *see also San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1101–02 (9th Cir.1998) (explaining that takings claims are unripe until the plaintiff has sought and been denied compensation through the state's procedures, and that abstention is "irrelevant" since there are no claims from which to abstain).

The City's requests to dismiss the appeal, and to strike Simonelli's declaration, presented in its answering brief, are denied.

**AFFIRMED.**

Donnamay BROCKBANK Dennis, Lee Moses, Plaintiffs–Appellants,

v.

Kevin STAPLES, et al., Defendants–Appellees.

No. 13–35548.

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*** The panel unanimously concludes this case is suitable for decision without oral argument.

Submitted Feb. 17, 2015.*

Filed March 4, 2015.

Donnamay Brockbank, Dennis Lee Moses, Vancouver, WA, Pro Se, Plaintiffs–Appellants.

Jean Marie Mccoy, Esquire, Landerholm Law Firm Vancouver, WA, Defendants–Appellees.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

Donnamay Brockbank and Dennis Lee Moses appeal pro se from the district court's summary judgment in their action seeking relief under the Truth and Lending Act, Regulation Z, and Washington state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.2002), and we affirm.

The district court properly dismissed the action as barred by the doctrine of res judicata, because Brockbank and Moses had alleged claims arising out of the same loan transaction and related foreclosure proceedings against the same defendants in at least one prior action. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state law regarding res judicata to state court judgments); *Seattle–First Nat'l Bank v. Kawa-chi*, 91 Wash.2d 223, 588 P.2d 725, 727 (1978) (en banc) (elements of res judicata under Washington state law); *Kelly–Hansen v. Kelly–Hansen*, 87 Wash.App. 320, 941 P.2d 1108, 1112 (1997) (doctrine of res judicata bars litigation of claims that were or could have been raised in the prior action).

Contrary to appellants' contention, the district court was not required to hold oral argument on the motion for summary judgment. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.1998) (district court can decide summary· judgment without oral argument if parties have an opportunity to submit their papers to the court); *see also* W.D. Wash. R. 7(d)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

*See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).